UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BROADCAST MUSIC, INC., HARRICK MUSIC, INC., EMI VIRGIN SONGS, INC., WELSH WITCH MUSIC, CORAL REEFER MUSIC, SONY/ATV SONGS LLC, R-KEY DARKUS PUBLISHING, ORBI-LEE PUBLISHING and BARBARA ORBISON MUSIC COMPANY,

    Plaintiffs,

v.

Case No: 2:14-cv-125-FtM-29CM

MBRATTA ENTERPRISES, INC. and MICHAEL L. BRATTA, SR.,

    Defendants.

## ORDER

Before the Court is Plaintiffs' Motion for Default Against Defendant Mbratta Enterprises, Inc. d/b/a Bratta's Piano Bar & Ristorante (Doc. 36, "Motion for Default"), filed on March 6, 2015. On January 27, 2015, the Court entered an Order granting Defendants' Amended Motion to Withdraw as Counsel (Doc. 35). The Court directed Defendant Mbratta Enterprises, Inc. ("Mbratta") to retain new counsel by February 25, 2015. Doc. 35 at 3. To date, new counsel has not filed a notice of appearance on behalf of Mbratta; therefore, Plaintiffs are a seeking a default against Mbratta. Doc. 36 at 2. Defendant Michael L. Bratta, Sr. ("Bratta Sr.") is proceeding *pro se*. Doc. 35 at 2.

While individuals are permitted to represent themselves *pro se*, corporations must be represented by counsel because corporations are artificial entities that only can act through agents. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)(citing *Commercial and Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981); *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53 (5th Cir. 1982)). Therefore, Bratta, Sr. is entitled to proceed *pro se,* but Mbratta must be represented by counsel.

The Court will allow Mbratta one additional opportunity to retain counsel. Mbratta has up to and including April 14, 2015, to engage new counsel and have counsel file a notice of appearance in this action. Plaintiffs' Motion for Default will be taken under advisement after that time.

Also before the Court is Plaintiffs' Motion to Compel Michael L. Bratta Sr. to Schedule Mediation (Doc. 37, "Motion to Compel"), filed on March 6, 2015. Bratta Sr. has not filed a response to the Motion to Compel, although the time for doing so has expired. Plaintiff's counsel represents that he has attempted to schedule mediation with Bratta Sr. in an effort to comply with the Court's scheduling deadlines, but Bratta Sr. has failed to respond. The current mediation deadline is March 31, 2015, which the Court had extended from the original deadline. Doc. 35.

Bratta Sr. is informed even though currently he is proceeding *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules. *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures). Failure to comply with the

Court's Orders or the Federal or Local Rules could result in a default judgment being entered against Mbratta and/or Bratta Sr.

The Court has discretion when entering a default judgment. *Pitts ex. rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1356 (S.D. Ga. 2004). When the Court is evaluating whether to enter a default judgment, all of "[t]he well-pleaded factual allegations of the Complaint are accepted as true, except those related to damages." *Id.* If the Court determines that a default judgment should be entered, damages may be awarded to Plaintiff without a hearing as long as the damages are for a liquidated amount and Plaintiff can establish that amount is reasonable. *Id.* Defendants cannot continue to ignore the Court's directives without consequences.

Accordingly, the Court will grant the Motion to Compel. Defendant Michael L. Bratta, Sr. shall contact Plaintiff's counsel by April 10, 2015 to provide available dates for mediation. The mediation should take place between April 15, 2015 and May 1, 2015 to allow time for Defendant Mbratta to retain new counsel so that all parties can participate in the mediation. The Court *sua sponte* also will extend the mediation deadline to May 1, 2015. The parties are encouraged to try to resolve this matter at mediation or through informal settlement discussions. **Defendant Michael L. Bratta, Sr. is cautioned that failure to comply with this Order may result in sanctions, including a default judgment against him.**

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Default Against Defendant Mbratta Enterprises, Inc. d/b/a Bratta's Piano Bar & Ristorante (Doc. 36) is **TAKEN UNDER ADVISEMENT.** Defendant Mbratta has up to and including **April 14, 2015**, to engage new counsel and have counsel file a notice of appearance in this action. **If Defendant Mbratta fails to retain new counsel by this date, the Court may enter a default judgment against Defendant Mbratta without further notice.**

2. Plaintiffs' Motion to Compel is **GRANTED**. Defendant Michael L. Bratta, Sr. is ordered to contact Plaintiffs' Counsel by **April 10, 2015** to schedule mediation. The mediation should occur between **April 15, 2015 and May 1, 2015** to allow time for Defendant Mbratta to retain new counsel so that all parties can participate in the mediation. **If Defendant Michael L. Bratta, Sr. fails to comply with this Order, it could result in sanctions, including a default judgment against him.**

3. The mediation deadline is extended until **May 1, 2015**. All other deadlines and directives in the Case Management and Scheduling Order (Doc. 22) remain in effect.

**DONE** and **ORDERED** in Fort Myers, Florida on this 1st day of April, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
*Pro Se* parties
Counsel of record