UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BROADCAST MUSIC, INC.,
HARRICK MUSIC, INC., EMI
VIRGIN SONGS, INC., WELSH
WITCH MUSIC, CORAL REEFER
MUSIC, SONY/ATV SONGS LLC, R-
KEY DARKUS PUBLISHING, ORBI-
LEE PUBLISHING and BARBARA
ORBISON MUSIC COMPANY,

     Plaintiffs,

v.
                                         Case No:  2:14-cv-125-FtM-29CM

MBRATTA ENTERPRISES, INC.
and MICHAEL L. BRATTA, SR. ,

     Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiffs' Motion for Sanctions and Entry of Default Against MBratta Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante and Michael L. Bratta Sr. (Doc. 39), filed on April 21, 2015.[2]  Defendants have not filed a response in opposition.  For the reasons set forth below, the Court recommends

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

[2] Plaintiffs' filed also a Motion for Entry of Default Against MBratta Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante (Doc. 36) on March 6, 2015.  The Court took the motion under advisement (Doc. 38) and now denies this motion as moot. Plaintiffs have renewed their request in the subsequent motion (Doc. 39), and are asking for the same relief.

that the Answer and Affirmative Defense ("Answer", Doc. 19) of Defendants MBratta

Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante ("MBratta") and Michael L.

Bratta Sr. ("Bratta Sr.") be stricken as to both Defendants and that the clerk enter a

default against them.

## I.    PROCEDURAL HISTORY

Plaintiffs initiated this action against Defendants on March 4, 2014 alleging

copyright infringement.   Doc. 1.   Defendants answered the complaint and asserted

an affirmative defense.   Doc. 19.   Counsel for both Defendants moved to withdraw

on January 12, 2015.   Doc. 32.   The Court granted the motion and directed the clerk

to indicate that Bratta Sr. would proceed *pro se*.   Doc. 35.   Because corporations

cannot represent themselves, the Court allowed MBratta until February 25, 2015 to

retain new counsel and have new counsel file a notice of appearance in this matter.

*Id.*   The Court made clear that if MBratta failed to retain new counsel, a default

judgment could be entered against it.   *Id.*

On March 6, 2015, Plaintiffs filed a motion for entry of default against MBratta

along with a motion to compel Bratta Sr. to cooperate with Plaintiffs' counsel to

schedule mediation.   Docs. 36; 37.   After review of both motions, the Court took the

motion for entry of default under advisement to allow MBratta one final opportunity

to retain counsel.   The Court again emphasized that MBratta's failure to retain

counsel by April 14, 2015 could result in a default judgment being entered against it.

Doc. 38.   The Court also ordered Bratta Sr. to contact Plaintiffs' counsel by April 10,

2015 to schedule a mediation to occur on or before May 1, 2015.   *Id.*   Bratta Sr. was

made aware by the Court's Order that failure to comply with the order could result in sanctions, including a default judgment being entered against him.   *Id.*

To date, MBratta has failed to retain new counsel, and Bratta Sr. has not contacted Plaintiffs' counsel to schedule the mediation.   Plaintiffs moved for sanctions and entry of default against both MBratta and Bratta Sr. for failure to comply with the Court's Order.   Doc. 39.   Plaintiffs requested specifically that a default be entered against MBratta for failure to retain new counsel.   *Id.*   They requested also that Bratta Sr.'s answer be stricken and a default be entered against him as well.   *Id.*

## II.   DISCUSSION

Rule 16(f), Federal Rules of Civil Procedure, provides that the Court may award sanctions, including those authorized by Rule 37(b)(2)(A)(ii-vii), if a party fails to obey a scheduling order or other pretrial order.   Fed. R. Civ. P. 16(f).   Those sanctions may include striking the pleadings or rendering a default judgment against the disobedient party.   Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).

It is a long held principal that corporations must be represented by counsel because they are artificial entities that can only act through agents.   *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)(citing *Commercial and Railroad Bank of Vicksburg v. Slocomb*, 39 U.S. 60 (1840); *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981); *Southwest Exp. Co. v. I.C.C.*, 670 F.2d 53 (5th Cir. 1982)).   At least one other court in this district has stricken a defendant's pleadings and directed the clerk to

enter a default against a corporation for failure to retain counsel. *See e.g., Varela v. Innovative Writing Solutions, LLC.*, 2008 WL 2700053 *1 (M.D. Fla. 2008).

Here, the Court gave MBratta from January 13, 2015, when the Court granted Defendants' counsel's motion to withdraw, until April 14, 2015 to retain new counsel. Docs. 33; 38.   The Court repeatedly advised Defendant of the consequences of failing to retain new counsel.   *Id.*   Due to MBratta's failure to comply with the Orders dated January 13, 2015 and April 1, 2015, the Court recommends that MBratta's Answer and Affirmative Defense be stricken and that a clerk's default be entered against it; as MBratta cannot participate in the pending litigation without counsel.

The Court directed Bratta Sr. to contact Plaintiff's counsel to schedule and conduct mediation (Doc. 38) but Bratta Sr. neglected to do so.   Doc. 39 at 2.   Under similar facts, another court in this district recommended that a *pro se* Defendant's answer be stricken and a default be entered against him because he failed to participate in scheduling mediation and failed to respond to the Court's Order. [3] *Varela* at 2008 WL 2700053 *2.   The district court later adopted the Report and Recommendation, Defendant's answer was stricken and the clerk was directed to enter a default as to the *pro se* Defendant.   *Id.* at *1.

In another similar case, a *pro se* defendant's answer was stricken and a default was entered for failure meet with the plaintiff to prepare the Joint Final Pretrial

---

[3] While the Court in *Varela* issued an Order to Show Cause to the *pro se* Defendant prior to striking his answer, here the Court previously warned the Bratta Sr. of the consequences of failing to comply with the Court's order, including that a default could be entered against him.   *Id.;* Doc. 36.

Statement. *See Loos v. Club Paris, LLC*, 2009 WL 1458040 (M.D. Fla. 2009). In *Loos*, the plaintiff sent a letter to the defendant reminding him of the obligation under the Case Management and Scheduling Order to complete the pretrial statement. *Id.* at \*1. The plaintiff stated that he contacted the defendant who indicated that he could not participate and lacked the resources to hire counsel. *Id.* The plaintiff subsequently filed a motion to strike the pleadings of and for entry of a default against the defendant. *Id.* The defendant responded to the motion stating that he could not afford an attorney and alleging that the plaintiff was taking advantage of his lack of legal knowledge and his inability to afford counsel. *Id.* As here, the court previously had explained to the defendant that, although he was proceeding *pro se*, he was subject to the rules of the court and the rules of civil procedure. *Id.* Consequently, the plaintiff's motion was granted, the defendant's answer was stricken and a default was entered against him. *Id.*

In this case, the Court advised MBratta and Bratta Sr. of the potential sanctions for failing to comply with the Court's Order. Doc. 38. Moreover, unlike the Defendant in *Loos* who filed a response to Plaintiff's motion for sanctions, neither MBratta nor Bratta Sr. has responded or provided any opposition to Plaintiffs' motion. Failing to respond to a motion raises an inference that a party does not object to the relief sought. *Limu Co., LLC v. Burling*, 2013 WL 3992380\*1 (M.D. Fla. 2013)(citing *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F.Supp. 2d 1355, 1371 (M.D. Fla. 2007). The Court provided Defendants with explicit directives, and Defendants have not complied.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.      Plaintiffs' Motion for Sanctions and Entry of Default Against MBratta Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante and Michael L. Bratta Sr. (Doc. 39) be **GRANTED**.

2.      The Court **STRIKE** Defendants', MBratta Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante and Michael L. Bratta Sr., Answer and Affirmative Defense (Doc. 19).

3.      The Clerk enter a default against Defendants, MBratta Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante and Michael L. Bratta Sr.

4.      The Court direct Plaintiffs to move for default judgment.

**ORDERED:**

1.      Plaintiffs' Motion for Entry of Default Against MBratta Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante (Doc. 36) is **DENIED as moot**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record