UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BROADCAST MUSIC, INC., HARRICK MUSIC, INC., EMI VIRGIN SONGS, INC. dba EMI Longitude Music, WELSH WITCH MUSIC CORAL REEFER MUSIC, SONY/ATV SONGS LLC dba Sony/ATV Acuff Rose Music, R-KEY DARKUS PUBLISHING, ORBI-LEE PUBLISHING, and BARBARA ORBISON MUSIC COMPANY,

    Plaintiffs,

v.   Case No: 2:14-cv-125-FtM-29CM

MBRATTA ENTERPRISES, INC. d/b/a BRATTA'S PIANO BAR & RISTORANTE, and MICHAEL L. BRATTA, SR.,

    Defendants.

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Final Default Judgment (Doc. #45) filed on July 15, 2015. No responses have been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

On March 4, 2014, plaintiffs filed a Complaint (Doc. #1) against defendants MBratta Enterprises, Inc. d/b/a/ Bratta's Piano

Bar & Ristorante (MBratta) and Michael L. Bratta Sr. (Bratta Sr.) (collectively defendants) alleging five (5) claims of willful copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. § 101, *et seq.*).

Defendants answered the complaint and asserted an affirmative defense. (Doc. #19.) Counsel for both defendants moved to withdraw on January 12, 2015. (Doc. #32.) The Court granted the motion and directed the Clerk to indicate that Bratta Sr. would proceed *pro se*. (Doc. #35.) Because corporations cannot represent themselves, the Court allowed MBratta until February 25, 2015 to retain new counsel and have new counsel file a notice of appearance in this matter. (Id.) The Court made clear that if MBratta failed to retain new counsel, a default judgment could be entered against it. (Id.)

On March 6, 2015, plaintiffs filed a motion for entry of default against MBratta along with a motion to compel Bratta Sr. to cooperate with plaintiffs' counsel to schedule mediation. (Docs. #36, #37.) The Court took the motion for entry of default under advisement to allow MBratta one final opportunity to retain counsel. (Doc. #38.) The Court again emphasized that MBratta's failure to retain counsel by April 14, 2015, could result in a default judgment being entered against it. (Id.) The Court repeatedly advised defendants of the consequences of failing to retain new counsel. (Id.) The Court also ordered Bratta Sr. to

2

contact plaintiffs' counsel to schedule and conduct mediation (Doc. #38) but Bratta Sr. neglected to do so. (Doc. #39, p. 2.) Bratta Sr. was warned that failure to comply could result in a default judgment against him. (Id.) Due to defendants failure to comply with the Orders dated January 13, 2015, and April 1, 2015, the Court struck defendants' Answer and Affirmative Defense and entered a clerk's default. (Doc. #43.) Accordingly, all prerequisites for a default judgment have been met. See Fed. R. Civ. P. 55(a).

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

Assuming all factual allegations are admitted, plaintiff Broadcast Music, Inc. (BMI or plaintiff) was granted the right to license the public performance of 8.5 million copyrighted musical compositions. The other plaintiffs are the owners of the copyrights. Defendant MBratta is a corporation which operates,

3

maintains, and controls an establishment known as Bratta's Piano Bar & Ristorante, previously located at 12984 South Cleveland Ave, Fort Myers, Florida 33907 (the establishment). Defendant Bratta Sr. is the President of MBratta with primary responsibility for the operation and management of that corporation and the establishment. Bratta Sr. has the right and ability to supervise the activities of MBratta and also has a direct financial interest in MBratta and the establishment.

Plaintiffs allege that defendants willfully and publicly performed the musical compositions in BMI's repertoire without authorization. In the Complaint, plaintiffs seek an injunction restraining from any further infringing, statutory damages, costs, and attorney's fees. The Court finds that the allegations are sufficient and well pled for purposes of establishing a claim of copyright infringement of musical compositions.

## II.

Under Title 17, United States Code, Section 504, an infringer is liable for a copyright owner's actual damages or statutory damages. Plaintiff has elected to seek statutory damages, which allows for recover of not less than $750 or more than $30,000, as considered just. 17 U.S.C. § 504(c)(1). If willfulness is found, the Court has the discretion to increase the award to a sum not more than $150,000.00. 17 U.S.C. § 504(c)(2). In this case,

plaintiffs seek $5,000.00 for each of the five acts of infringement described in the Complaint for a total of $25,000.00.

In support, plaintiffs have filed the Declaration of Renee S. Wolfe (Doc. #45-1), Attorney for BMI, stating that the musical compositions licensed by BMI are registered with the Copyright Office, that BMI has the right to publicly perform the compositions and to issue public performance license agreements, and that BMI has been granted the right to maintain actions and seek damages for infringement.

Also provided is the Declaration of Brian Mullaney (Doc. #45-2), Vice President, Sales, Licensing, for BMI, stating that prior to November 2011, BMI learned that that the establishment was offering musical entertainment without a license and without permission. Mr. Mullaney further states that on November 14, 2011, BMI sent a letter to the establishment advising of the need for a license and enclosing a license agreement, but no response was received. Mr. Mullaney states that neither BMI nor the owners of the copyrights have issued a license to any person authorizing performances at the establishment. Mr. Mullaney attests that additional letters and email correspondence were sent with no response. On March 20, 2012, BMI sent defendants a letter instructing them to cease the public performances. BMI licensing personnel visited the establishment on two (2) occasions and called defendants on sixteen (16) occasions, speaking to defendant Bratta

Sr. five (5) times. Despite these efforts, defendants did not enter into a license agreement with BMI and continued unauthorized public performances.

On October 2, 2013, BMI personnel went to the establishment to make an audio recording and written report of the infringing performances. On November 5, 2013, BMI sent a letter to defendants advising them of the investigation. On November 11, 2013, BMI sent a letter to defendants advising them that the matter had been turned over to BMI's attorneys. Upon information and belief, defendants were still publicly performing music without an executed licensing agreement until their closure. The estimated license fees lost for November 2011 to July 2015 are $8,910.20.

Upon review of the evidence presented and in light of defendants' default, the Court finds a willful violation by defendants of plaintiffs' copyrighted compositions. The Court will award the requested $25,000.00 for statutory damages.

## III.

Under Title 17, United States Code, Section 502, the Court may grant injunctions "as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Plaintiffs seek a permanent injunction against defendants enjoining and restraining defendants from infringing the copyrighted musical compositions licensed by BMI. The request will be granted.

**IV.**

Under Title 17, United States Code, Section 505, the Court may allow the recovery of costs, including reasonable attorney's fees as part of the cost, to the prevailing party.

Plaintiffs have provided the Declaration of Zachary D. Messa (Doc. #45-3) of Johnson, Pope, Bokor, Ruppel and Burns, LLP, an intellectual property lawyer who provided legal services to plaintiffs at the rate of $250.00 per hour. Mr. Messa expended 28.6 hours of time on the case for a total of $6,850.00 in attorney's fees. Plaintiffs also incurred the costs of the filing fee in the amount of $400.00 and the process server cost of $135.00.

The Court finds that the rate and the hours expended on this matter are reasonable. Therefore, fees will be granted. The costs are otherwise taxable and therefore will also be granted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Final Default Judgment Against Defendants MBratta Enterprises, Inc. d/b/a/ Bratta's Piano Bar & Ristorante and Michael L. Bratta Sr. (Doc. #45) is **GRANTED as follows:**

A. Defendants are hereby jointly and individually enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical

compositions in the BMI repertoire, including those owned by plaintiffs, and from causing or permitting such compositions to be publicly performed at the establishment known as Bratta's Piano Bar & Ristorante, located at 12984 South Cleveland Ave, Fort Myers, Florida 33907 or at any other facility owned, operated, or conducted by the defendants, in whole or in part, and from aiding and abetting public performances of such compositions, unless defendants shall have previously obtained permission to give such performances either directly from the plaintiffs or the copyright owners whose compositions are being performed or by license from BMI pursuant to 17 U.S.C. § 502;

B. Plaintiffs are awarded statutory damages in the amount of $25,000.00 pursuant to 17 U.S.C. § 504(c); and

C. Plaintiffs are awarded $6,850.00 for attorney's fees and $535.00 in costs incurred as prevailing parties pursuant to 17 U.S.C. § 505.

2. The Clerk shall enter judgment accordingly, terminate all deadlines as moot, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this __8th__ day of February, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

8